This is an appeal from a judgment entered on September 28, 2016, after a decision of the District Court Appellate Division, which reversed a portion of a prior judgment that resulted from the allowance of a motion for judgment at the close of the plaintiff's case, and remanded the matter for a hearing on damages. We vacate and remand.
Propriety of the appeal. The plaintiff brought suit in District Court against LSV, Inc. (LSV), for breach of contract, and against the defendant shareholders individually. Summary judgment was entered against LSV for breach of contract, and the case proceeded to trial against the shareholders on two theories-piercing the corporate veil and violation of G. L. c. 93A, § 11. During a bench trial, at the close of the plaintiff's case, the judge allowed the shareholders' motion pursuant to Mass.R.Civ.P. 41(b)(2), 365 Mass. 804 (1974), to dismiss the complaint. Judgment entered on December 21, 2011, as to all parties.[3]
The plaintiff appealed, arguing error in the dismissal of the c. 93A claim. The Appellate Division reversed, concluding that the shareholders' conduct constituted a knowing and willful violation of G. L. c. 93A, § 11.[4] It then remanded the case for a hearing on damages. After the hearing on damages concluded, a final judgment entered on September 28, 2016, awarding the plaintiff c. 93A damages as against the shareholders. The shareholders did not appeal that judgment to the Appellate Division. Instead, their appeal was brought before this court.
The proper avenue would have been for the shareholders to appeal the September 28, 2016, judgment to the Appellate Division. See G. L. c. 231, § 108. However, "there are occasions on which we have exercised discretion to entertain an appeal even though it is not here as of right." Lombardi v. Lombardi, 68 Mass. App. Ct. 407, 410 (2007), and cases cited. The issues have been fully briefed on the merits. The procedural issue has not been raised or briefed by the parties, and no prejudice has been shown. See Sniffin v. Prudential Ins. Co. of Am., 395 Mass. 415, 420 n.10 (1985). We therefore exercise our discretion to treat the appeal as properly before us. See ZVI Constr. Co. v. Levy, 90 Mass. App. Ct. 412, 418 & n.4 (2016).
Rule 41(b)(2) motion. Turning to the merits of the appeal, the sole issue before us is the propriety of the September 28, 2016, judgment against the shareholders on the plaintiff's G. L. c. 93A, § 11, claim. In his memorandum of decision dated November 17, 2011, the trial judge concluded that "[e]ven if the two non corporate defendant[s] had deliberately breached the broker's contract," these acts did not constitute a tortious act under 93A, § 11. Although the judge allowed some proposed findings and denied others, as he was permitted to do under Mass.R.Civ.P. 41(b)(2), it is not clear what he did or did not find with respect to the c. 93A claim. Treating his ruling on the c. 93A claim as a conclusion of law, it was erroneous. A deliberate breach of contract may, in appropriate circumstances, constitute a violation of § 11. See Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 474 (1991), quoting from Wang Labs., Inc. v. Business Incentives, Inc., 398 Mass. 854, 857 (1986) ("conduct 'in disregard of known contractual arrangements' and intended to secure benefits for the breaching party constitutes an unfair act or practice").
However, the Appellate Division erroneously concluded that the shareholders' liability pursuant to c. 93A had been established and remanded the matter for an assessment of c. 93A damages when a full trial had not yet been conducted.[5] At the time the shareholders' motion was allowed, the shareholders had yet to present their case. Their right to do so was expressly preserved under rule 41(b)(2), which states, "[o]n motion of the defendant ... [a]fter the plaintiff in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal" (emphasis supplied). Although the Appellate Division correctly reversed the entry of judgment on the c. 93A count, it was error to rule on the issue of liability as to that count without affording the shareholders an opportunity to present evidence.
The September 28, 2016, judgment is vacated, and the case is remanded to the District Court for further proceedings with respect to the c. 93A claim consistent with this memorandum and order.
So ordered.
Vacated and remanded.

LSV did not appeal.

Although the Appellate Division correctly stated that it reviewed the factual findings of the trial judge for clear error, the language in the Appellate Division's decision appears to find facts with respect to the c. 93A claim. We do not address the propriety of this aspect of the Appellate Division's decision, because we remand the case for evidence and further fact finding by the trial judge.

It is unclear whether the Appellate Division was fully aware of the procedural posture of the case. The parties presented the Appellate Division with a highly truncated record. Neither brief to the Appellate Division stated that the judgment had entered on a rule 41(b)(2) motion, and it is unclear whether a complete copy of the transcript was provided to the Appellate Division.